AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District FIRST - MASSACHUSETTS | |
|---|---|---|
| Name GERALD M. HILL | Prisoner No. W-36748 | Case No. 019264-019265 |

Place of Confinement: SOUZA BARANOWSKI CORRECTIONAL CENTER
P.O. BOX 8000 SHIRLEY, MA. 01464

Name of Petitioner (include name under which convicted): GERALD M. HILL

v.

Name of Respondent (authorized person having custody of petitioner): EDWARD FICCO
SUPT. OF S.B.C.C.

The Attorney General of the State of: MASSACHUSETTS, THOMAS RIELLY

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: SUFFOLK COUNTY SUPERIOR COURT, 90 DEVONSHIRE ST. BOSTON MA.

2. Date of judgment of conviction: OCT. 17, 1978

3. Length of sentence: 2d LIFE, 7-10 YRS CONCURRENT

4. Nature of offense involved (all counts): 2d MURDER, ASSAULT WITH INTENT TO ROB - ARMED

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   PLEAD GUILTY ON BOTH INDICTMENTS

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:
   (a) Name of court **MASSACHUSETTS APPEALS COURT**
   (b) Result **MOTION for NEW TRIAL And REMAND DENIED, And Affirmed**
   (c) Date of result and citation, if known **7-30-03**
   (d) Grounds raised **INEFFECTIVE ASSISTANCE of COUNSEL JUVENILE, TRIAL And APPELLATE, DISREGARDING COURT RULE 61A-(A-C)**
   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:
      (1) Name of court **MASSACHUSETTS Supreme Judicial Court**
      (2) Result **DENIED**
      (3) Date of result and citation, if known **3-31-04**
      (4) Grounds raised **INEFFECTIVE ASSISTANCE of COUNSEL, JUVENILE, TRIAL, And APPELLATE, ERROR NOT TO HEAR JURISDICTION ISSUE ETC**
   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:
      (1) Name of court
      (2) Result
      (3) Date of result and citation, if known
      (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☑ No ☐

11. If your answer to 10 was "yes," give the following information:
    (a) (1) Name of court **SUFFOLK SUPERIOR COURT**
        (2) Nature of proceeding **RULE 30 MOTION, WITHDRAW GUILTY PLEA NEW TRIAL And REMAND**
        (3) Grounds raised **ISSUE of INTENT TO KILL, INEFFECTIVE ASSISTANCE of COUNSEL, FELONY MURDER DOCTRINE, DEFECTIVE**

(3)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: INEFFECTIVE ASSISTANCE OF JUVENILE COUNSEL - JOHN PINO

Supporting FACTS (state *briefly* without citing cases or law): ATTORNEY DIDN'T OBJECT TO THE COURT RELYING ON COURT ORDERED PSYCHIATRIC REPORTS OBTAINED ILLEGALLY, VIOLATING SELF INCRIMINATION PRIVILEDGE. ATTORNEY ALSO ALLOWED JUVENILE JUDGE TO WAIVE JURISDICTION WITHOUT MEETING THE CLEAR AND CONVINCING STANDARDS AND CONSIDERING AMENABILITY TO REHABILITATION. INSUFFICIENT FINDINGS AND DEFECTIVE.

B. Ground two: INEFFECTIVE ASSISTANCE OF COUNSEL, TRIAL LAWYER (1) JOHN PINO

Supporting FACTS (state *briefly* without citing cases or law): ATTORNEY PINO WAS MY FIRST LAWYER IN SUPERIOR COURT AND NEVER FILED A MOTION 277-47-A OBLIGATING THE COURT TO ADDRESS THE WAIVER (TRANSFER) OF JURISDICTION AND HE SAID HE WOULD APPEAL THE TRANSFER TO ADULT COURT. ATTORNEY PINO FILED PLENTY OF MOTIONS EXCEPT 277-47-A.

(5)

E. GROUND FIVE. MASSACHUSETTS SUPREME JUDICIAL COURT AND MASSACHUSETTS APPEALS COURT ERRED BY NOT CONSIDERING DUE PROCESS CLAIMS OF JURISDICTIONAL IN NATURE.

BOTH APPEALS COURTS RELIED ON AN ERRONEOUS, MISPLACED, DECISION TO DISMISS MY DUE PROCESS CLAIMS. THE DUE PROCESS CLAIMS ATTACK THE VALIDITY OF THE DISMISSAL OF JUVENILE JURISDICTION AND A GUILTY PLEA WON'T PRECLUDE THE COURTS CONSIDERATION. HOWEVER THE COURT RELIED ON COMMON v- FANELLI 412 MASS 492, 500 (1992) THAT SAYS ALL A (NON JURISDICTIONAL) CLAIMS ARE WAIVED BY GUILTY PLEA AND THE ISSUES AT HAND IN THE CASE ARE JURISDICTIONAL IN NATURE.

F. GROUND SIX, THE DOCTRINE OF STARE DECISIS AND EQUAL PROTECTION OF THE LAW REQUIRED AN EVIDENTIARY HEARING AND THE TRIAL COURT DISREGARDED THE LAW.

THE PETITIONER RAISED A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL SUPPORTED BY SUBSTANTIAL EVIDENCE AND THE TRIAL COURT ABANDONED RULE 61A-(4-C) SUPERIOR COURT RULE AND THUS DENIED THE MOTION WITHOUT A HEARING.

6- A

AO 241 (Rev. 5/85)

    (c) At trial  Reuben Anwikins

    (d) At sentencing  Reuben Anwikins

    (e) On appeal  Pro Se, and James E. Small P.O. Box 190024 Roxbury MA. 02119

    (f) In any post-conviction proceeding  James E. Small, Rosemary Scapicchio

    (g) On appeal from any adverse ruling in a post-conviction proceeding  James E. Small

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☑  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☑
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

4-12-04
(date)

_____
Signature of Petitioner

(7)