UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD M. HILL,<br>　　　　Petitioner,<br><br>　　　　v.<br><br>EDWARD FICCO, SUPERINTENDENT<br>　　　　Respondent | C.A. NO. 04-10776-RCL |

### MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION FOR A MORE DEFINITE STATEMENT AND ENLARGEMENT OF TIME FOR FILING AN ANSWER

Pursuant to Fed. R. Civ. P. 12(e), the respondent respectfully moves this Court to order the petitioner to submit a more definite statement of the claims upon which he relies in his petition for writ of habeas relief and for an enlargement of the time for filing an Answer.

As grounds therefore, the respondent's attorney states that the petitioner filed a handwritten petition pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, but the petition as well as the section in which he was required to set forth the legal grounds for relief underlying his petition is illegible and incomplete. The respondent received a very faint zeroxed copy of the petition with pages omitted and handwritten sections that are impossible to decipher. (See attached Petition.)[1] For example, the petition cites Grounds One, Two, Five and Six but there is no page containing Grounds Three and Four.

The respondent cannot answer the petition in its present form. Moreover, the respondent risks forming an inaccurate opinion of the grounds pled and prejudicing himself by making an

---

[1] The petition that was scanned for the federal court's PACER system is also illegible and incomplete.

2

inappropriate or inaccurate answer. The respondent cannot determine if the grounds asserted were exhausted in state court, procedurally defaulted or decided on the merits. The petition must give the respondent the ability to make an answer "in good faith and without prejudice" to satisfy rule 12(e). *Wood & Locker, Inc. v. Doran & Associates*, 708 F. Supp. 684, 691 (D. Pa., 1989). Petitioner has not provided such a pleading, forcing the respondent to speculate as to the claims made by the petitioner and the precise factual bases for these claims.

In his more definite statement, the petitioner should clearly and legibly state each individual claim for relief briefly, summarizing the supporting facts. He should also include information regarding his post-conviction actions as indicated on the Model Form. The respondent's counsel suggests that the petitioner resubmit a new legible copy of the Model Form with all the necessary pages included. (See Model Form For Use in Applications for Habeas Corpus under 28 U.S.C. § 2254).

The respondent also requests that the time for filing an Answer to the petition be enlarged to a reasonable time after the petitioner files a legible and complete Petition.

WHEREFORE, for the reasons stated above, the respondent respectfully moves that the petitioner file a more definite statement of the grounds supporting his petition for writ of habeas corpus and/or submit another Model Petition in legible and complete form. The respondent also moves for an enlargement of time to file an Answer to a reasonable time following the petitioner's submission of a legible and complete Petition.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL
*Annette C. Benedetto*
Annette C. Benedetto

3

Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above documents was served upon the petitioner pro se on July 23, 2004, by first class mail, postage prepaid, at the address below:

Gerald M. Hill, pro se
Souza-Baronowski Correctional Center
P. O. Box 8000
Shirley, MA 01464

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District FIRST - MASSACHUSETTS |
|---|---|
| Name GERALD M. HILL | Prisoner No. W-36748 | Case No. 019264-019265 |

Place of Confinement
SOUZA BARANOWSKI CORRECTIONAL CENTER
P.O. BOX 8000 SHIRLEY, MA 01464

Name of Petitioner (include name under which convicted)        Name of Respondent (authorized person having custody of petitioner)

GERALD M. HILL                    v.    EDWARD FICCO
                                        SUPT. OF S.B.C.C.

The Attorney General of the State of: MASSACHUSETTS, THOMAS RIELLY

## PETITION

1. Name and location of court which entered the judgment of conviction under attack SUFFOLK COUNTY SUPERIOR COURT, 90 DEVONSHIRE ST. BOSTON MA.

2. Date of judgment of conviction OCT. 17, 1978

3. Length of sentence 2d LIFE, 7-10 YRS CONCURRENT

4. Nature of offense involved (all counts) 2d MURDER, ASSAULT WITH INTENT TO ROB - ARMED

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   PLEAD GUILTY ON BOTH INDICTMENTS

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

(2)


RECEIVED MAY 11 2004 OFFICE OF THE ATTORNEY GENERAL-CRIMINAL BUREAU

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court _MASSACHUSETTS APPEALS COURT_

(b) Result _MOTION FOR NEW TRIAL AND REMAND DENIED, AND AFFIRMED_

(c) Date of result and citation, if known _7-30-03_

(d) Grounds raised _INEFFECTIVE ASSISTANCE OF COUNSEL, JUVENILE, TRIAL AND APPELLATE, DISREGARDING COURT RULE 61A-(A-C)_

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court _MASSACHUSETTS Supreme Judicial Court_

(2) Result _DENIED_

(3) Date of result and citation, if known _3-31-04_

(4) Grounds raised _INEFFECTIVE ASSISTANCE OF COUNSEL, JUVENILE, TRIAL, AND APPELLATE, ERROR NOT TO HEAR JURISDICTION ISSUE ETC_

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court ____

(2) Result ____

(3) Date of result and citation, if known ____

(4) Grounds raised ____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☑ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _SUFFOLK SUPERIOR COURT_

(2) Nature of proceeding _RULE 30 MOTION, WITHDRAW GUILTY PLEA NEW TRIAL AND REMAND_

(3) Grounds raised _ISSUE OF INTENT TO KILL, INEFFECTIVE ASSISTANCE OF COUNSEL, FELONY MURDER DOCTRINE, DEFECTIVE_

(3)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: INEFFECTIVE ASSISTANCE OF JUVENILE COUNSEL - JOHN PINO

Supporting FACTS (state *briefly* without citing cases or law) ATTORNEY DIDN'T OBJECT TO THE COURT RELYING ON COURT ORDERED PSYCHIATRIC REPORTS OBTAINED ILLEGALLY, VIOLATING SELF-INCRIMINATION PRIVILEDGE, ATTORNEY ALSO ALLOWED JUVENILE JUDGE TO WAIVE JURISDICTION WITHOUT MEETING THE CLEAR AND CONVINCING STANDARDS AND CONSIDERING AMENABILITY TO REHABILITATION, INSUFFICIENT FINDINGS AND DEFECTIVE.

B. Ground two: INEFFECTIVE ASSISTANCE OF COUNSEL, TRIAL LAWYER (1) JOHN PINO

Supporting FACTS (state *briefly* without citing cases or law): ATTORNEY PINO WAS MY FIRST LAWYER IN SUPERIOR COURT AND NEVER FILED A MOTION 277-47A OBLIGATING THE COURT TO ADDRESS THE WAIVER (TRANSFER) OF JURISDICTION AND HE SAID HE WOULD APPEAL THE TRANSFER TO ADULT COURT. ATTORNEY PINO FILED PLENTY OF MOTIONS EXCEPT 277-47A.

(5)

E. Ground Five. Massachusetts Supreme Judicial Court and Massachusetts Appeals Court committed an error of law by not considering due process claims of jurisdictional in nature.

Both Appeals Courts relied on an erroneous, misplaced, decision to dismiss my due process claims. The due process claims attack the validity of the dismissal of juvenile jurisdiction and a guilty plea won't preclude the courts consideration. However the court relied on Comm. v. Fanelli, 412 Mass 490, 500 (1992) that says all (non jurisdictional) claims are waived by guilty plea and the issues at hand in the case are jurisdictional in nature.

F. Ground Six. The doctrine of stare decisis and equal protection of the law required an evidentiary hearing and the trial court disregarded the law.

The petitioner raised a claim of ineffective assistance of counsel supported by substantial evidence and the trial court disregarded Rule 6/A-(4-c) Superior Court Rule and then denied the motion without a hearing.

6-A

AO 241 (Rev. 5/85)

    (c) At trial __REUBEN DAWKINS__

    (d) At sentencing __REUBEN DAWKINS__

    (e) On appeal __PRO SE, AND JAMES E. SMALL__
__P.O. BOX 190074 ROXBURY MA. 02119__

    (f) In any post-conviction proceeding __JAMES E. SMALL, ROSEMARY SCAPICCHIO__

    (g) On appeal from any adverse ruling in a post-conviction proceeding __JAMES E. SMALL__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☑  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☑
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__4-12-04__
(date)

__/s/ Gerald M. Kiley__
Signature of Petitioner

(7)