## PROCEDURAL HISTORY

I, Gerald M. Hill petitioner, was arraigned in Boston Juvenile Court on February 12, 1978, for murder and assault with intent to rob while being armed.

In March of 1978 the petitioner's case was unconstitutionally transferred to the Superior court for trial as an adult.

On May 4, 1978, indictments were returned against the petitioner 019264-65 for the offenses described above. On May 10, 1978 petitioner was arraigned in Suffolk Superior Court and pled not guilty.

First trial attorney (which was the Juvenile Court counsel) John Pino filed several discovery motions on May 22, 1978 and another motion on August 25, 1978.

Due to breakdowns in communications with Attorney Pino, petitioner retained new counsel and on September 11, 1978 Attorney Pino withdrew from the case.

On September 11, 1978 Reuben Dawkins entered on record as counsel for petitioner. On September 25, 1978 attorney filed two motions with the trial judge and on September 27, 1978, both motions were denied and a trial date was set for October 3, 1978.

Trial started on October 3, 1978 and during trial petitioner refused Commonwealth's offer to plead guilty to Second Degree murder. As the jury was out deliberating the jury sent out three questions to the Judge pertaining to felony murder and inquiring as to what degree of guilty can they convict.

Petitioner was then 15 years old and scared and was ultimately coerced by Attorney Dawkins to plead guilty to Second Degree murder on October 17, 1978.

In 1982, on an unrelated matter, petitioner has his appeal in the Supreme Judicial Court denied (attached #1) and the petitioner addressed the issue of the Juvenile Court not writing the required letter of findings to support waiver of transfer which is a violation of MGL. C. 119 Sec. 61 and a dismissal of the indictment. However, the Commonwealth included the written findings in their brief and the petitioner's claim was not reached (F.N.3).

On June 19, 1984, petitioner filed a motion for a new trial pursuant to Mass R. of Criminal Procedure 30 (B) and appointment of counsel.

Amongst other issues raised in this motion for new trial, the petitioner made the claim of defective waiver of juvenile jurisdiction and defective findings from the Juvenile Court.

On March 27, 1985, petitioner filed a substitute pro se motion for a new trial and affidavit of indigency and petition for a Writ of Habeas Corpus A D Testificandum.

On April 23, 1985, the Commonwealth filed a motion to deny petitioners motions and evidentiary hearing.

On April 24, 1985, petitioner was brought into court for a hearing on the motions that were ultimately taken under advisement.

On April 26, 1985, all of the motions that petitioner filed were denied. On May 9, 1985, petitioner filed a notice of appeal. On January 24, 1986 the Massachusetts Appeals Court affirmed the denial of motion for new trial. The Massachusetts appeals Court applied an erroneous decision by refusing to address petitioners claim that juvenile transfer and findings were inadequate by claiming that petitioners juvenile issues were already addressed in <u>Commonwealth v. Hill</u> 3887 Mass 619 (1982).

On May 26, 1995, petitioner filed second motion for new trial again addressing the defective findings and waiver of juvenile jurisdiction.

Petitioner was represented by Attorney Rosemary Scapicchio on the motion for new trial pursuant to Mass. R. of Criminal Procedure 30 (B).

Petitioner and Attorney Scappicchio had a major breakdown in communications and had a brief encounter with the Mass Board of Bar overseers (attached #3 and #4).

On April 17, 1996, petitioner filed pro se motion for appointment of counsel. On May 3, 1996 motion for appointment of counsel was denied. On October 24, 1996, memorandum of decision and order denying petitioners motion for new trial (attached #5).

The Superior Court notified attorney Rosemary Scapicchio and D.A. Ralph Martin of the decision (see attachments #5 and #6).

In 1999 petitioner obtained new counsel, James E. Small Jr. Attorney Small discovered that the petitioners motion for new trial was denied three years prior in October of 1996. Attorney Small filed a motion to reconsider the denial and affidavit from petitioner stating **fact** that the decision was not forwarded to petitioner when decided in 1996 (attached #7). Attorney Small also filed a third motion for new trial on October 1 of 1999 along with the motion to reconsider.

Against petitioners request, Attorney Small omitted claims of ineffective assistance of counsel on trial counsel Reuben Dawkins and appellate/post-conviction attorney Rosemary Scapicchio.

On October 14, 1999, the motion for reconsideration and motion for new trial was denied.

On November 10, 1999 attorney filed notice of appeal. On January 25, 2001, the Massachusetts Appeals Court denied the petitioners second and third motions for new trial and again the Appeals Court erroneously decided not to address the claims of defective juvenile transfer and findings (attached#8).

Attorney Small also abandoned petitioner's reconsideration issue pertaining to defective juvenile transfer on appeal (see #8, F. N. 1).

On June 21, 2001 petitioner filed pro se motion for release from unlawful restraint pursuant to Mass R. of Criminal Procedure 30 (A) claims of ineffective assistance of counsel, juvenile, trial and appellate, and defective juvenile transfer and findings.

On December 11, 2001, petitioner's motion for release from unlawful restraint was denied.

On January 24, 2002 petitioner's motion for reconsideration was denied without a hearing. Petitioner filed notice of appeal and the case entered the Appeals Court.

On July 30, 2003 the Massachusetts Appeals court affirmed the denial of motion for release from unlawful restraint (attached #9).

Petitioner filed a petition for rehearing with the Appeals Court due to the erroneous decision and on October 29, 2003 the petition was denied.

The Massachusetts Appeals Court finally recognized, on petitioners fourth post-conviction appeal, that the Juvenile Defective Transfer and Findings were not dealt with on appeal in 1982, <u>Commonwealth v. Hill</u> 387 Mass 619 (1982) (unrelated case) and the first three post-conviction appeals on the instant case 019264-65 (attached #9).

Petitioner filed application for further appellate review with the Supreme Judicial Court and on March 31, 2004 the application for review was denied.

Petitioner filed Writ of Habeas Corpus in April of 2004. Petitioner has adamantly been raising jurisdictional and miscarriage of justice issues on post-conviction appeals and Massachusetts Appeals Court have been errounesly denying petitioner his due day in court on the claims.

Respectfully Submitted,

*[signature]*

Gerald M. Hill

9-17-04