2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                               )
GERALD M. HILL,                )
            Petitioner,        )
                               )
      v.                       )        C.A. NO. 04-10776-RCL
                               )
EDWARD FICCO, SUPERINTENDENT   )
            Respondent         )
_____)

**RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**PETITION FOR WRIT OF HABEAS CORPUS**

The respondent submits this memorandum in support of his motion to dismiss the

petition filed by Gerald M. Hill ("the petitioner") who pled guilty to second-degree

murder in 1978 and was sentenced to life in prison.  He claims that he is imprisoned in

violation of the following federally secured constitutional rights:(1) denial of effective

assistance of juvenile counsel, John Pino; (2 ) denial of effective assistance of trial

counsel, John Pino; (3) denial of effective assistance of second trial counsel, Reuben

Dawkins; (4) denial of effective assistance of appellate counsel, James R. Small; (5) error

of law committed by the Massachusetts Appeals Court by not considering due process

**2**

claims of Jurisdictional in Nature (sic); and (6) the doctrine of stare decisis and equal

protection of the law require an evidentiary hearing and the trial court disregarded the

law.  (Petition, pp. 5, 6, 6A, ¶ ¶ 12A-12F; Memorandum in Support of Petitioner's

Complaint for Habeas Corpus Relief, pp. 10-25).


The respondent has moved to dismiss the petition on several grounds.  First, the

petition is time-barred.  Since his 1978 conviction, the petitioner has filed four post-

conviction actions including multiple motions for new trial.  The petitioner's fourth

motion for release was denied on October 24, 1996, and the petitioner did not file any

appeal of the decision or reconsideration motion for three years until October 1, 1999.

Although the petitioner claims that his appellate counsel did not inform him of the

decision for three years, it is clear that he cannot demonstrate due diligence warranting

equitable tolling of the statute since he made no apparent effort to determine the status

of the case.   Because of this inexcusable delay,  the one year period of limitation

contained in 28 U.S.C. § 2244(d)(1)(A) expired and the petition should be dismissed on

statute of limitations grounds.

In the alternative, Grounds One through Four alleging ineffective assistance of

various counsel are procedurally defaulted ; Ground Four is not cognizable on habeas

corpus pursuant to 28 U.S.C. § 2254(i); and Grounds Five and Six are unexhausted.

**3**

In any event, the decision of the Massachusetts Appeals Court rejecting the petitioner's claims because he pled guilty is not contrary to nor an unreasonable application of clearly established Supreme Court law.

**PRIOR PROCEEDINGS** [1]

In February of 1978, the petitioner, Gerald M. Hill, then fifteen years old, was charged with murder in Boston Juvenile Court.  Later that year, he was transferred by the juvenile court, Poitrast, J., to the superior court and indicted by a Suffolk County grand jury on a charge of first-degree murder.

In October of 1978, the petitioner was tried by a jury before McGuire, J.   On October 17, while the jury was deliberating, the petitioner pled guilty to second-degree murder and was sentenced to life in prison. [2]

In 1984,  the petitioner, pro se, filed his first motion for a new trial which he later amended.  He included in his motion a challenge to his transfer from the juvenile court.  In  1985, the trial judge denied the motion.  In 1986, the Massachusetts Appeals Court affirmed the trial judge's ruling in an unpublished decision. *Commonwealth v. Hill*, 21

---

[1]  The factual information contained in the Prior Proceedings and Statement of Facts sections of this memorandum is derived from the Brief and Supplemental Appendix For the Commonwealth on Appeal From the Suffolk Superior Court.  (See Supp. Ans. Exh. 5 at 1-5.)

[2]  Under G.L. c. 127, § 133A,  a prisoner serving a life sentence for second degree murder is eligible for parole after fifteen years.  See G.L. 127, § 130 (parole criteria).

4

Mass. App. Ct. 1109, 488 N.E. 2d  1205 (1986)(Supp. Ans. Exh 2 at RA 78-83). [3]  The

petitioner did not file an application for leave to obtain further appellate review in the

Supreme Judicial Court.

In 1995, the petitioner filed a second motion for a new trial, which included

another challenge to his transfer from the juvenile court.   In 1996 the court, Spurlock,

J., denied the motion on the grounds that the petitioner had waived any challenge to the

transfer by failing to file a timely motion to dismiss the resulting indictment pursuant to

G. L. c. 277, § 47A.

In 1999, the petitioner filed a third motion for a new trial and a motion for

reconsideration of his second motion for a new trial.   Later that year Judge Spurlock

reaffirmed his denial of the petitioner's second motion for a new trial on reconsideration.

In 2000, the judge summarily denied the petitioner's third new trial motion.  In 2001, the

Massachusetts Appeals Court affirmed the motion judge's rulings in an unpublished

opinion. *Commonwealth v. Hill*, 50 Mass.App.Ct. 1114, 751 N.E.2d 933 (2001)(Supp. Ans.

---

[3]  In its opinion, the Appeals Court concluded that the petitioner's contentions
that he was amenable to treatment as a juvenile and should have been tried as such had
been answered in *Commonwealth v. Hill*, 387 Mass. 619, 621, 442 N.E. 2d 24 (1982).  "In
that case Hill, the present defendant, had been convicted of murder in the second degree
of a different victim (committed on October 22, 1997) after his transfer for trial as an
adult.  Although we regard the guilty plea as barring any present complaint about the
earlier transfer, the decision in the <u>Hill</u> case, 387 Mass. at 620-623, adequately shows the
absence of any merit to his contentions." *Commonwealth v. Hill*, 21 Mass. App. Ct. 1109,
488 N.E. 2d  1205 (1986)(Supp. Ans. Exh. 1 at RA 78).

Exh. 3). The petitioner did not file an application for leave to obtain further appellate review in the Supreme Judicial Court.

On June 21, 2001, the petitioner filed his fourth motion for post-conviction relief. On December 11, 2001, Judge Spurlock summarily denied the motion. The petitioner filed a timely motion for reconsideration which Judge Spurlock also summarily denied. On July 30, 2003, the Massachusetts Appeals Court affirmed the order denying the petitioner's fourth motion in an unpublished opinion. *Commonwealth v. Hill*, 58 Mass. App. Ct. 1110, 792 N.E. 2d 149 (2003)(Supp. Ans. Exh. 7). The petitioner's application for further appellate review in the Supreme Judicial Court was denied on March 31, 2004. *Commonwealth v. Hill* , 441 Mass. 1105, 806 N.E. 2d 102 (2004)(Supp. Ans. Exh. 9).

## STATEMENT OF FACTS

On February 10, 1978, the petitioner and co-defendant, Hubert L. Smith, Jr., attempted to rob an oil retailer named Max Fishman. *See Commonwealth v. Smith*, 384 Mass. 519, 520 (1981). During the attempt, Smith fatally shot Fishman. *Id*. At their joint trial, while the jury was deliberating, the petitioner offered to plead guilty to second-degree murder. Before accepting the plea, the judge conducted an extensive and careful inquiry of the petitioner, during which the petitioner admitted that he had agreed to help Smith rob Fishman despite knowing that Smith was armed with a gun.

Fishman's murder was the second murder in which the petitioner had participated

6

in just four months.  In October of 1977, the petitioner had participated in the stabbing

death of Leo Murphy, for which he was also convicted of second degree murder.  *See*

*Commonwealth v. Hill*, 387 Mass. 619, 619-21 (1981). [4]  Addressing the transfer in that

case, the Supreme Judicial Court ruled that the judge's determination that the

petitioner was not amenable to rehabilitation was supported by "overwhelming

evidence."  *Id* at 622.

<u>ARGUMENT</u>

I.     <u>THE PETITION IS TIME-BARRED AND SHOULD BE DISMISSED</u>

Since the subject petition was filed after the effective date of the Antiterrorism

and Effective Death Penalty Act ("the AEDPA"), this Court's review is governed by that

act.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  Section 2244(d)(1)(A) of the AEDPA

establishes a one-year statute of limitations for applications for the writ, running from

the latest of the following dates:

> (A)     the date on which judgment became final by the conclusion of direct
> appellate  review or the expiration of the time for seeking such review;

> (B)     the date on which the impediment to filing an application created by State

---

[4]  In 1990, the United States Court of Appeals for the First Circuit issued a writ of
habeas corpus in the petitioner's federal action on the ground that a portion of the jury
instruction relieved the Commonwealth of its burden of proving malice beyond a
reasonable doubt.  *Hill v. Maloney*, 927 F. 2d 646, 647 (1990).  Subsequently,  the
petitioner pled guilty to manslaughter and was sentenced to eighteen to twenty years in
state prison for the Murphy killing, to be served concurrently with his life sentence for
second-degree murder for the Fishman murder.

7

action in violation of the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized
by the Supreme Court, if the right has been newly recognized by the
Supreme Court and made retroactively applicable to cases on collateral
review; or

(D)     the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under the statute, the date triggering the one year period of limitation is April 25,
1986. The Massachusetts Appeals Court affirmed his conviction on January 24, 1986 and,
adding ninety days for an appeal to the United States Supreme Court, the triggering date
is April 25, 1986. [5] Under AEDPA, a habeas petitioner has one-year in which to file his
federal habeas petition commencing when the conviction becomes final. However the

---

[5] The petitioner never filed an application for leave to obtain further appellate
review in the Supreme Judicial Court. The United States Supreme Court was without
jurisdiction to consider a petition for a writ of certiorari from an intermediate appellate
court since the Court may only consider final judgments or decrees rendered by the
highest court of a State. 28 U.S.C. § 1257. However, for the sake of argument, the
respondent will assume that the petitioner was entitled to the 90-day period in which
*certiorari* could have been sought. This period expired on April 25, 1986. *See Nowaczyk v.
Warden, New Hampshire State Prison*, 299 F.3d 69, 70 (1st Cir. 2002); *Donovan v. Maine*,
276 F.3d 87, 91 (1st Cir. 2002) ("section 2244(d)(1) provides for tolling during the ninety-
day period in which the petitioner would have been allowed to ask the United States
Supreme Court to grant certiorari to review the [state court's] denial of his direct
appeal).

8

relevant date, April 25, 1986, precedes the adoption of AEDPA. Where, as here, a

petitioner's conviction became final prior to the effective date of AEDPA (April 24, 1996)

federal courts have allowed petitioners a one-year grace period within which to file their

petitions. *Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999). Thus the petitioner had until April

24, 1997 to file his petition. The petition here was filed on April 14, 2004, long after this

grace period expired.

The running of the one-year grace period was not tolled by the filing of any "properly

filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim. . . ." 28 U.S.C. § 2244(d)(2). *See also Gaskins*, 183 F.3d at 9-10

(holding that the § 2244(d)(2)'s tolling provision applies to the judicially-created grace

period).

The petitioner filed his second motion for a new trial on May 26, 1995, tolling the

period of limitation until Judge Spurlock denied the motion on October 24, 1996. (Supp.

Ans. Exh. 2, C.A. 9). The record reveals that the petitioner's attorney, R. Scapicchio, and the

District Attorney's Office were each notified of the decision. (Supp. Ans. Exh. 2, C.A. 9).

Thus, the one year period of limitation started on October 24, 1996, and was not tolled until

October 1, 1999, almost three years later, when the petitioner filed an untimely motion for

reconsideration and another new trial motion. (Supp. Ans. Exh. 2, C.A. 9). By then the

period of limitation had long expired.

9

Although time-barred, a habeas petition may survive under the principle of equitable tolling in rare and exceptional cases, where extraordinary circumstances prevented the petitioner from timely filing his petition and he exercised reasonable due diligence. The petitioner asserts that due to a conflict between petitioner and his attorney Scapicchio he did not learn of the denial until September of 1999. (Memorandum in Support of Petitioner's Complaint for Habeas Corpus Relief at 9) The petitioner does not merit this extraordinary relief since he fulfills none of the essential requirements for triggering an exemption from the one-year period of limitation.

Last year, the First Circuit joined the other circuits in holding that the one-year limitation period in § 2244(d)(1) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate cases. *See Neverson v. Farquharson*, 366 F.3d 43, 41(1st Cir. 2004) and cases cited therein.

"[E]quitable tolling ... is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." *Delaney v. Matesanz*, 264 F. 3d 7, 14 (1st Cir. 2001). Recognizing the strong policies of finality underlying the revisions of Federal habeas corpus law in the AEDPA, the courts that have applied equitable tolling in this setting have done so only in such "extraordinary" and unavoidable circumstances. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (only extraordinary circumstances beyond prisoner's control that make timely filing impossible suffice for equitable tolling),

10

*cert. denied*, 534 U.S. 863 (2001); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4ᵗʰ Cir. 2000) (only wrongful conduct by government or extraordinary circumstances making timely filing impossible comprise grounds for equitable tolling); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("extraordinary circumstances that are both beyond [petitioner's] control and unavoidable even with diligence").  Ignorance of the law is not a ground for equitable tolling, *Miller v. Marr*, 141 F.3d 976, 978 (10ᵗʰ Cir.), *cert. denied*, 525 U.S. 891 (1998), nor is mere excusable neglect, *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 619 (3ʳᵈ Cir. 1998).

Decisions of the Supreme Court and the First Circuit have emphasized that equitable tolling should be seldomly granted and only in unusual circumstances.  *See, e.g., Irwin v. Veterans Admin. Regional Office*, 498 U.S. 89, 96 (1990) (equitable tolling allowed "only sparingly"); *Delaney v. Matesanz*, 264 F.3d at 15 (no equitable tolling unless "proponent shows that he was actively misled or prevented 'in some extraordinary way from asserting his rights'"( quoting *United States v. Patterson*, 211 F.3d 927, 930-31 (5ᵗʰ Cir. 2000)); *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 279 (1ˢᵗ Cir. 1999) (no equitable tolling in general unless circumstances beyond plaintiff's control prevented filing); *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 53 (1ˢᵗ Cir. 1999)(active attempt to mislead employee)., *cert. denied*, 528 U.S. 1161 (2000). As the Fourth Circuit noted in permitting equitable tolling of habeas matters only in extraordinary circumstances:

11

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.

*Harris v. Hutchinson*, 209 F.3d at 330.  In *Neverson*, the First Circuit warned that "[i]n the habeas context particularly, care is required to avoid upsetting the "strong concern for finality" embodied in § 2254."  *Neverson*, 366 F.3d at 42, *citing Brackett v. United States*, 270 F.3d 60, 67 (1st Cir.2001).  "In short, equitable tolling is strong medicine, not profligately to be dispensed."  *Delaney v. Matesanz*, 264 F. 3d at 15.

The petitioner has not established the requirements necessary for the application of equitable tolling, namely, that (1) extraordinary circumstances prevented him from timely filing his petition and (2) he exercised reasonable due diligence.  *Proulx v. Marshall*, 190 F.Supp.2d 117, 120 (D.Mass.. 2001).  *See Smith v. McGinnis*, 208 F. 3d , 17 (2d. Cir.), *cert denied*, 121 S. Ct. 104 (2000)("the party seeking equitable tolling must have acted  with reasonable diligence throughout the period he seeks to toll").  There were no extraordinary circumstances or any impediments which prevented the petitioner from seeking redress in the federal court in a timely manner. He clearly failed to exercise due diligence by failing to keep track of his case for three years. *See Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985)(a party has a duty of diligence to inquire about the status of his case); *Plowden v. Romine*, 78 F.Supp.2d 115, 119 (E.D. N.Y. 1999)(petitioner could not demonstrate reasonable diligence where he allowed seventeen months to elapse before inquiring into the status of

12

his post-conviction motion).  As the Supreme Court has held: "One who fails to act

diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin*

*County Welcome Ctr. v. Brown*, 466 U.S. 147, 151(1984).  The petition should be dismissed

since it is time-barred and the petitioner is undeserving of equitable relief.

II.    IN THE ALTERNATIVE GROUNDS ONE THROUGH FOUR ARE PROCEDURALLY
       DEFAULTED.

       Putting aside the statute of limitations issue, it is clear that Grounds One through

Four are in procedural default.  The petitioner asserts in these grounds that that he was

denied the effective assistance of counsel by John Pino as juvenile and trial counsel;

successor trial counsel, Reuben Dawkins, and appellate counsel, James R. Small.  He claims

that his attorneys never challenged his allegedly defective juvenile transfer hearing in 1978

or moved to dismiss the indictment prior to his trial in the superior court or raised these

issues on appeal.  (Pet. Mem. at 12-23).

       In 2003, the Massachusetts Appeals Court dealt with these claims in an unpublished

opinion as follows:

       On appeal, the [petitioner] for the first time claims that his 1978 juvenile
       transfer hearing, conducted in accordance with  G.L. c. 119, § 61, as amended by
       St.1977 c. 829, was defective and that he was denied effective assistance of counsel
       throughout his trial and postconviction proceedings. By pleading guilty to the murder
       charge after a full trial, but prior to the jury reaching a verdict, the defendant waived
       any claims based on events that preceded the plea. *Commonwealth v. Fanelli*, 412
       Mass. 497, 500 (1992).

       The defendant may not circumvent that principle by claiming that his plea was

13

the result of ineffective assistance of counsel, as he did not raise that issue in any of his previous motions for new trial. *Commonwealth v. LeFave*, 430 Mass. 169, 173 (1999). In any event, we have reviewed his claims and determine that this is not one of those "extraordinary cases where, upon sober reflection, it appears that a miscarriage of justice might result." *Commonwealth v. Curtis*, 417 Mass. 619, 626 (1994), quoting from *Commonwealth v. Harrington*, 379 Mass. 446, 449 (1980).

*Commonwealth v. Hill*, 58 Mass. App. Ct. 1110, 792 N.E. 2d 149 (2003)(Supp. Ans Exh. 7)

It is well-settled that federal habeas review is precluded on an issue when the state court has decided that issue on the basis of an adequate and independent state ground. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Wainwright* v. *Sykes*, 433 U.S. 72, 81 (1977). The "procedural default rule" reflects the Supreme Court's view that, in the interests of comity and federalism, a habeas court should "'not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Boutwell v. Bissonnnette*, 66 F.Supp.2d 243, 245 (D. Mass. 1999), *quoting Coleman*, 501 U.S. at 729. *See also, Edwards v. Carpenter*, ___ U.S. ___, 120 S.Ct. 1587, 1591 (2000). As a consequence of this rule, "state prisoners whose claims are dismissed by state courts for procedural reasons cannot gain access to federal habeas review." *Id.* (citations omitted).

"[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the

14

federal claim will result in a 'fundamental miscarriage of justice.'" *Harris*, 489 U.S. at

262. *Accord, Coleman,* 501 U.S. at 749-50. A state court decision based on a petitioner's

failure to comply with a contemporaneous objection rule, or to properly raise an issue on

appeal, constitutes an adequate and independent state ground. *See, e.g., Coleman*, 501

U.S. at 729-30 (untimely filing of notice of appeal); *Murray v. Carrier*, 477 U.S. 478, 481-82

(failure to raise claim of error on appeal); *Wainwright,* 433 U.S. at 86-87

(contemporaneous objection).

In Massachusetts, even after conviction has become final, a petitioner may seek

release from unlawful confinement or a new trial under Rules 30(a) and (b) of the

Massachusetts Rules of Criminal Procedure. Mass. R. Crim. P. 30(a) and (b), 378 Mass.

842, 900 (1979). However, a petitioner's right to resort to such relief is limited:

> <u>Waiver</u>. All grounds of relief claimed by a defendant under
> subdivisions (a) and (b) of this rule shall be raised by the defendant <u>in his
> original or amended motion. Any grounds not so raised are waived</u> unless
> the judge in his discretion permits them to be raised in a subsequent
> motion, or unless such grounds could not reasonably have been raised in
> the original motion or amended motion.

Mass. R. Crim. P. 30(c)(2), 378 Mass. 842, 900-01 (1979)(emphasis added). *See Hall v.

DiPaolo*, 986 F.2d 7, 11 (1st Cir. 1993); *Commonwealth v. Deeran*, 397 Mass. 136, 139

(1986). Thus, failure to raise a ground for new trial in the first such motion constitutes a

waiver.

The rule enables the state court judge to conduct a discretionary review of the

grounds raised to determine whether to allow the petitioner to go forward

notwithstanding the default.  Such scrutiny does not amount to state waiver of an

adequate and independent state ground for the purposes of federal habeas review.  "The

mere fact that a state appellate court engages in a discretionary, and necessarily cursory,

review under a 'miscarriage of justice' analysis does not in itself indicate that the court

has determined to waive an independent state procedural ground for affirming the

conviction."  *Tart v. Massachusetts*, 949 F.2d 490, 496 (1st Cir. 1991).  For habeas purposes,

the federal courts do not infer waiver of a procedural bar "unless the state appellate court

has made it 'reasonably clear that its reasons for affirming a conviction rest upon its view

of federal law.'"  *Id., quoting Doucette v. Vose*, 842 F.2d 538, 540 (1st Cir. 1988).  *See also*

*Puleio v. Vose*, 830 F.2d 1197, 1200 (1st Cir. 1987), *cert denied*, 485 U.S. 990 (1988).   Where

the state court expressly determines that the claim is waived, the petitioner cannot now

receive habeas review of that claim.  *Murray,* 477 U.S. at 481-82.  *See Phoenix v. Matesanz*,

189 F.3d 20, 24 (1st Cir. 1999)(it is the "last reasoned opinion" from the state court

system that governs whether a petitioner is procedurally defaulted)(citation omitted).


        As applied here, the Appeals Court's determination that there was no

"miscarriage of justice" is an independent and adequate state law ground for affirming

the conviction.  *Phoenix*, 189 F.3d at 24.  The "clear import' of this statement is that the

16

Appeals Court based its "decision strictly on [petitioner's] procedural default." *Tart,* 949

F.2d at 496-97 (review under Massachusetts miscarriage of justice standard is grounds for

procedural waiver). *See Commonwealth v. Curtis*, 417 Mass. 619, 624, 632 N.E.2d 821, 827

(1994)(Massachusetts has a "long-standing rule that issues not raised at trial or pursued

in available proceedings are treated as waived" and will be reviewed only to preclude a

substantial risk of a miscarriage of justice).

Habeas review is, therefore, precluded unless "petitioner can demonstrate cause

for default and prejudice stemming therefrom, or alternatively, unless the petitioner can

show that a refusal to consider the merits of the constitutional claim will work a

miscarriage of justice." *Burks v. DuBois,* 55 F.3d 712, 716 (1st Cir. 1995). Cause must be

"something external to the petitioner," for example, the fact that the factual or legal

basis for the claim was not reasonably available or that the state interference made

raising the issue impossible. *Coleman*, 501 U.S. at 751. Allegations of ineffective

assistance of trial and appellate counsel are unavailing since the Appeals Court found

that these claims were waived as well. *See Murray v. Carrier*, 477 U.S. at 488-489 (1986)

(unexhausted claim of ineffective assistance cannot excuse default); *Coleman*, 501 U.S. at

751 (failure to raise an issue based on attorney inadvertence or a deliberate strategic

decision does not amount to "cause" within the meaning of the rule).

Absent a showing of cause and prejudice, a federal court may overlook a

17

procedural default and hear a constitutional claim on the merits if the petitioner can

show that the failure to do so would result in a fundamental miscarriage of justice if the

claim is not reviewed. *Murray v. Carrier*, 477 U.S. 478, 495-496 (1986). This narrow

exception is reserved for those rare cases in which the conviction of a petitioner who may

be actually innocent of the charges will stand if a constitutional error is not redressed.

*See Schlup v. Delo*, 115 S.Ct. 851, 864 (1995) ('this Court has explicitly tied the

miscarriage of justice exception to the petitioner's innocence."). To demonstrate actual

innocence, petitioner "must show by clear and convincing evidence that but for a

constitutional error, no reasonable juror would have found the petitioner [guilty]."

*Sawyer v. Whitley,* 505 U.S. 333, 348 (1992). Such a situation may arise where "a

petitioner supplements a constitutional claim with a 'colorable showing of factual

innocence.'" *McCleskey v. Zant*, 499 U.S. at 495, quoting *Kuhlmann v. Wilson*, 477 U.S.

436, 454 (1986). The miscarriage of justice exception is concerned with "actual" not

"legal" innocence. *See Sawyer v. Whitley*, 505 U.S. at 339. Since the petitioner

voluntarily pled guilty to second degree murder, any assertion of factual innocence would

not be credible.

    In sum, the Appeal Court's decision on Grounds One through Four rests on an

adequate and independent state law ground and these grounds are not cognizable on

habeas review.

**18**

**III.    IN ANY EVENT GROUND FOUR ALLEGING INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IS NOT COGNIZABLE ON FEDERAL HABEAS REVIEW**.

In amending 28 U.S.C. § 2254, the Antiterrorism and Effective Death Penalty Act

(AEDPA) added 28 U.S.C. § 2254(i), which provides:

> The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings <u>shall not</u> be a ground for relief in a proceeding arising under section 2254.

*Johnson v. Gibson*, 169 F.3d 1239, 1253 n.4 (10th Cir. 1999)(emphasis supplied). <u>See</u> 28

U.S.C. § 2254(i).  A petitioner's claims that state post-conviction proceeding counsel was

ineffective are not cognizable under habeas review.  *Thomas v. Gibson*, 218 F.3d 1213,

1222 (10th Cir. 2000).  *See also, Neal v. Gramley*, 99 F.3d 841, 843 (7th Cir. 1998)(same);

*Anderson v. Moore*, 225 F.3d 653, 2000 WL 1033087 *1 (4th Cir. 2000)(precluding review of

claim that counsel was ineffective in prior federal habeas proceedings).


There is no constitutional right to an attorney in state post-conviction

proceedings.  Consequently, a petitioner cannot claim constitutionally ineffective

assistance of counsel in such proceedings.'"  *Thomas*, 218 F.3d at 1222, *quoting, Coleman*

*v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551 (1981).  *See*

*Wainwright v. Torna,* 455 U.S. 586 (1982)(where there is no constitutional right to counsel

there can be no deprivation of effective assistance).  In addition, "[t]his means, in

19

particular, that counsel's errors in post-conviction proceedings cannot supply the 'cause'

that would relieve a [petitioner] of his forfeitures." *Gosier v. Welborn*, 175 F.3d 504, 511

(7th Cir. 1999). *See also, Rodriguez v. Scillia*, 193 F.3d 913, 916 n. (7th Cir. 1999)("the

failure of counsel in post-conviction proceedings to raise issues does not constitute cause

for default of those issues.").

The petitioner's assertions in Ground Four that appellate counsel failed to raise

and argue claims of ineffective assistance of counsel and defective waiver of jurisdiction

in his post- appeal 1995 and 1996 motions for new trial are not cognizable on federal

habeas corpus review under the new statute.

**IV.    GROUNDS FIVE AND SIX ARE UNEXHAUSTED AND/OR DO NOT PRESENT
        ISSUES OF FEDERAL CONSTITUTIONAL DIMENSIONS.**

In Ground Five,  the petitioner claims that the Massachusetts Appeals Court

committed an error of law by not considering his due process claims as jurisdictional in

nature.  In Ground Six, he argues that the doctrine of stare decisis and equal protection

of the law require an evidentiary hearing and the trial court disregarded the law.

(Petition, p. 6A, .§ 12E and 12F).  These grounds appear to be legal argument only,

challenging the reasoning of the Appeals Court in dealing with the petitioner's waived

claims, but not actually raising specific allegations of the deprivation of identifiable

federal constitutional rights or amendments.  However, assuming for the sake of

argument that the petitioner is raising two separate independent claims, they were never

20

included in his application for further appellate review in the Supreme Judicial Court

and are as such unexhausted.   (See Supp. Ans. Exh. 8).

It is well established that "a federal court should not consider questions posed in a

habeas petition until the 'power of the highest state court in respect to such questions'

has been exhausted."  *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988),

*quoting United States ex rel. Kennedy v. Tyler*, 269 U. S. 13, 17 (1925).  *See Rose v. Lundy*, 455

U. S. 509, 518-519 (1982); *Picard v. Connor*, 404 U. S. 270, 276 (1971); *Dougan v. Ponte*, 727

F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion principle, in

addition to ensuring that state courts have the first opportunity to correct their own

constitutional errors made in their proceedings, enables federal courts to accord

appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing]

friction between our federal and state systems of justice."  *Rose v. Lundy*, 455 U. S. at 518.

*See Duncan v. Henry*, 513 U. S. 364, 365-366 (1995); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir.

1994), *cert. denied*, 513 U. S. 1129 (1995); *Duckworth v. Serrano*, 454 U. S. 1, 3 (1984); *Mele

v. Fitchburg District Court*, 850 F.2d at 819.  *See also Ex parte Royall*, 117 U. S. 241, 251

(1886) (state and federal courts are "equally bound to guard and protect rights secured by

the Constitution").

A claim in state court may include an inkling of a federal claim, but not one

"likely to alert the court to the claim's federal nature." *Nadworny v. Fair*, 872 F.2d 1093,

1098 (1st Cir. 1989), *quoting Daye v. Attorney General of New York*, 696 F.2d 186, 192 (2d

Cir. 1982) (en banc), *cert. denied*, 464 U. S. 1048 (1984). *See Scarpa v. DuBois*, 38 F.3d at 6.

It is not enough that all the facts necessary to support the federal claim were before the

state court, or that a somewhat similar state-law claim was made. *Anderson v. Harless*, 459

U. S. 4, 6 (1982); *Picard v. Connor*, 404 U. S. at 276-277. *See Duncan v. Henry*, 513 U. S. at

366. Rather, "the exhaustion requirement requires a habeas applicant to do more than

scatter some makeshift needles in the haystack of the state court record. The ground

relied upon must be presented face-up and squarely; the federal question must be plainly

defined. Oblique references [that] hint that a [federal] theory may be lurking in the

woodwork will not turn the exhaustion trick." *Martens v. Shannon*, 836 F.2d 715, 717 (1st

Cir. 1988). In order for it to be said that the petitioner has exhausted his state remedies

as to his federal habeas claims, he must have presented the state court with:

> specific constitutional language, constitutional citation, appropriate federal
> precedent, substantive constitutional analogy, argument with no masking
> state-law character, . . . such as would in all likelihood alert a reasonable
> jurist to the existence of the federal question.

*Nadworny v. Fair*, 872 F.2d at 1101. It is the petitioner's heavy burden to demonstrate that

his now claimed federal errors were fairly presented to the state's highest court.

*Nadworny v. Fair*, 872 F.2d. at 1098.

An "issue cannot be considered as having been fairly presented to the SJC for

22

exhaustion purposes unless the applicant has raised it within the four corners" of the

application for leave to obtain further appellate review ("ALOFAR"). *Mele v. Fitchburg*

*District Court*, 850 F.2d at 823. Because petitioner's ALOFAR did not fairly present all the

federal claims he now raises, his petition should be dismissed. *Id. See Rose v. Lundy*, 455

U. S. at 518-519.

V.    **THE MASSACHUSETTS APPEALS COURT CORRECTLY HELD THAT
       PETITIONER'S GUILTY PLEA PRECLUDES FEDERAL HABEAS RELIEF.**

It is well-settled that "a voluntary and intelligent plea of guilty made by an

accused person, who has been advised by competent counsel, may not be collaterally

attacked." *United States v. Broce,* 488 U.S. 563, 574 (1989) (quoting *Mabry v. Johnson,* 467

U.S. 504, 508 (1984)). A collateral challenge to a guilty plea is narrowly circumscribed to

the question whether the plea was voluntary and intelligent:

> A plea of guilty and the ensuing conviction comprehend all of the factual
> and legal elements necessary to sustain a binding, final judgment of guilt and a
> lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea
> has become final and the offender seeks to reopen the proceeding, the inquiry is
> ordinarily confined to whether the underlying plea was both counseled and
> voluntary. If the answer is in the affirmative then the conviction and the plea, as a
> general rule, foreclose the collateral attack. *United States v. Broce,* 488 U.S. 563,
> 569 (1989).

"'Whatever might be the situation in an ideal world, the fact is that the guilty plea

and the often concomitant plea bargain are important components of this country's

criminal justice system. Properly administered, they can benefit all concerned."

23

*Bordenkircher v. Hayes*, 434 U.S. 357, 361-362 (1978), quoting *Blackledge v. Allison*, 431

U.S. 63, 71 (1974).  After a criminal defendant pleads guilty, he is not automatically

entitled to federal habeas corpus relief.


Indeed,

> a guilty plea represents a break in the chain of events which has preceded it
> in the criminal process.  When a criminal defendant has solemnly admitted
> in open court that he is in fact guilty of the offense with which he is
> charged, he may not thereafter raise independent claims relating to the
> deprivation of constitutional rights that occurred prior to the entry of the
> guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 266-267 (1973); *See Menna v. New York*, 423 U.S. 61,

62-63 n. 2 (1975)( a counseled plea of guilty is an admission of factual guilt so reliable

that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt

from the case).  Since the petitioner is not challenging the voluntariness of his plea of

guilty, his collateral attack must fail.

CONCLUSION

For the above-stated reasons, the petition should be dismissed.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Annette C. Benedetto
Annette C. Benedetto

24

**Assistant Attorney General**

**Criminal Bureau**
**One Ashburton Place**
**Boston, Massachusetts 02108**

**(617) 727-2200**
**BBO No. 037060**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true copy of the above document was served upon the petitioner pro se on January 14, 2005, by first class mail, postage prepaid, at the address below:

**Gerald M. Hill, pro se**
**Souza-Baronowski Correctional Center**
**P. O. Box 8000**
**Shirley, MA 01464**

                         <u>/s/ Annette C. Benedetto</u>
                         **Annette C. Benedetto**
                         **Assistant Attorney General**