UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD M. HILL, )<br>)<br>      Petitioner, )<br>)<br>v. )<br>) CIVIL ACTION NO.<br>EDWARD FICCO, ) 04-10776-RCL<br>)<br>      Respondent. )<br>) | |

**MEMORANDUM ORDER**
**ON PETITION FOR WRIT OF HABEAS CORPUS**

LINDSAY, District Judge.

**Introduction and Background Facts**

     Before the court is a petition of Gerald Hill (the "petitioner" or "Hill") for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hill is a prisoner in a Massachusetts penal institution in the custody of the respondent, Edward Ficco. The petitioner contends that he is entitled to habeas relief on six separate grounds. Grounds one through four allege ineffective assistance of counsel by (1) his counsel during proceedings in Boston Juvenile Court; (2) his trial counsel in (Suffolk, Massachusetts) Superior Court; (3) a second trial counsel; and (4) appellate counsel (or to be precise, counsel handling matters pertaining to the collateral review of his conviction). He also claims that the Massachusetts Appeals Court, in considering the petitioner's challenge to his conviction, committed error in not considering certain due process claims. Finally, the petitioner asserts that he is entitled to an evidentiary hearing on his petition. The Attorney General of Massachusetts, for the respondent, has moved to dismiss the petition on the

grounds that Hill's claims are time-barred, procedurally defaulted, and unexhausted. For reasons stated below, the court grants the respondent's motion to dismiss the petition.

In February 1978, the petitioner, then fifteen years old, was charged in Boston Juvenile Court with committing murder during an attempted robbery. Thereafter, the petitioner was transferred to the Superior Court, on May 4, 1978, and indicted on a charge of first-degree murder. Two weeks into his murder trial, but before the jury reached a verdict, the petitioner pleaded guilty to second-degree murder. He was immediately sentenced to life, although the conviction of second-degree murder made him eligible for parole.

In 1984, the petitioner, proceeding *pro se*, filed his first motion for a new trial, primarily challenging his transfer from the Juvenile Court to Superior Court. The motion judge denied the motion in 1985, and the Appeals Court affirmed that denial in a summary, unpublished ruling in 1986. *See Commonwealth v. Hill*, 21 Mass. App. Ct. 1109 (1986). The petitioner sought no further review of the Appeals Court's decision.

The petitioner filed a second motion for new trial in 1995, again challenging his transfer from Juvenile Court to the Superior Court. On October 29, 1996, the motion judge once again denied the petitioner's motion on the ground that he had waived this claim by failing to file a timely motion to dismiss the indictment in the Superior Court. Thereafter, in September, 1999, the petitioner filed a motion for reconsideration of the ruling on his second motion and a third motion for new trial. In the third motion for new trial, the petitioner argued that the prosecutor, at his trial in Superior Court, used peremptory challenges improperly to strike African-American members of the venire. The motion judge denied both motions. The Appeals Court affirmed those rulings in an unpublished decision. *See Commonwealth v. Hill*, 50 Mass. App. Ct. 933 (2001).

On June 18, 2001, the petitioner filed his fourth, and most recent, motion for new trial. In that motion, he claimed that the Juvenile Court judge should not have relied on certain psychiatric evaluations in considering the motion to transfer the matter to Superior Court; that the judge applied the wrong standard in transferring him to Superior Court; ineffective assistance of trial counsel in the failure of counsel to file a motion to dismiss the indictment, in advising the petitioner to plead guilty, in failing to withdraw from the case in light of a disciplinary investigation; and ineffective counsel on the part of two of his appellate counsel. The motion judge denied the motion on December 12, 2001. The Appeals Court, in a brief opinion, affirmed, concluding that Hill had waived these claims. *Commonwealth v. Hill*, 58 Mass.App.Ct.1110 (2003).

Hill then filed a timely motion for rehearing, with respect to this decision. The Appeals Court denied the motion. On October 29, 2003, the petitioner filed an application for leave to obtain further appellate review by the Supreme Judicial Court ("SJC"). The SJC denied the application on March 31, 2004. The petitioner, proceeding *pro se*, then commenced this habeas action on April 14, 2004.

## Discussion

I.  Timeliness of the Petitioner's Claims

The respondent argues that the petition should be dismissed because it is barred by the statute of limitations prescribed in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). In addition, the respondent contends that the petitioner is not entitled to equitable tolling of the limitations period because he failed to exercise reasonable diligence in pursuing review of his second motion for new trial. Hill concedes that his petition was filed after

the period of limitations set forth in AEDPA. He invites the court, however, to apply equitable tolling because he claims he did everything in his power to learn the fate of his second motion for new trial, and that neither his attorney nor the appropriate clerk of courts ever notified him that the court had denied that motion.[1] Finally, the petitioner explains, once he learned that his second motion was denied, in October 1999, he expeditiously filed a motion for reconsideration, which the motion judge denied.

AEDPA imposes a one-year limitations period with respect to habeas petitions filed in federal court by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period starts to run from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). The First Circuit, however, has recognized a one-year grace period, starting from April 25, 1996, the day after the statute's effective date, for habeas petitions challenging pre-AEDPA convictions. *Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999). Such petitioners, therefore, must file their habeas petitions by April 25, 1997. *Id.* AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The period of limitations on the present habeas claims was tolled, under 28 U.S.C. § 2244(d)(2), from May 26, 1995, when Hill filed his second motion for a new trial, until October

---

[1] The petitioner states that the clerk promised to notify him personally of the decision on the motion.

24, 1996, when the motion judge denied his motion.[2] Thus, Hill had one year from that date to file his petition. Because he filed the instant petition on April 14, 2004, his habeas petition is time-barred, unless equitable tolling is appropriate.

Even though the petition is barred by the statute of limitations, the First Circuit has recently held that the limitations period in § 2244(d)(1) is subject to equitable tolling in appropriate cases. *See Neverson v. Farqhuason*, 366 F.3d 32, 41 (1st Cir. 2004). That court has observed that equitable tolling should be used "sparingly," in "extraordinary" circumstances, and only in "instances of clear injustice." *Id.* at 42. Even in the case of extraordinary circumstances, however, equitable tolling is "not available to rescue a litigant from his own lack of due diligence." *Id.* (citations and internal quotations omitted). "In short," the First Circuit has stated, "equitable tolling is strong medicine, not profligately to be dispensed." *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001).

I conclude that Hill is not entitled to equitable tolling, because he did not exercise due diligence in attempting to discover the status of his second motion for new trial. Three years elapsed between the date of the ruling on that motion and the date on which Hill filed an untimely motion for reconsideration and a third motion for new trial. This delay was not reasonable under

---

[2]It is an open question whether the motion for new trial remained "pending," under 28 U.S.C. § 2244(d)(2), "until the end of the statutorily allotted period for appeal, even if the prisoner does not in fact file an appeal during that period." *Currie v. Matesanz*, 281 F.3d 261, 268, n.10 (1st Cir.2002). While noting that most courts have found that an application is "pending" during this period, the First Circuit has declined to express a view on this issue. *Id.* If I were to apply the majority view, I would conclude that the period of limitations began to run on November 23, 1996, which would include the thirty days under Rule 4(b) of Mass. R. App. that Hill had to appeal the motion judge's denial of his second motion for new trial. However, I need not resolve this question, as explained *infra*, because Hill's petition is unquestionably time-barred, regardless of whether the period of limitations began to run on October 24, 1996 or November 23, 1996.

the circumstances. Even if, as the petitioner claims, his attorney and the clerk of courts should have contacted him, as the latter allegedly had affirmatively promised, the petitioner cannot meet the due diligence requirement. He does not, and indeed cannot, claim that "circumstances beyond [his] control" prevented him from contacting the court, even at least periodically, to learn the status of his second motion for new trial.[3] *Neverson*, 366 F.3d at 42. At any point between October 1996 and October 1999[4], the petitioner could have picked up the phone or drafted a letter and contacted either the court or his attorney and learned that the court had denied his motion. *See Plowden v. Romine*, 78 F.Supp.2d 115, 119 (E.D.N.Y. 1999) (stating that petitioner's "own experience (writing a letter to the Court of Appeals . . . and receiving a quick response) demonstrates the ease with which he could have stayed informed about his case"). Thus, his lawyer's alleged misconduct and the clerk's broken promise do not relieve the petitioner of the affirmative duty he had to exercise diligence in determining the status of his case.

## Conclusion

---

[3]The petitioner cannot rely on *Baldayague v. U.S.*, 338 F.3d 145 (2d Cir. 2003) and its progeny for support of his position here. *Baldayague* stands for the proposition that attorney error can be so outrageous as to justify equitable tolling. However, the Second Circuit in *Baldayague* never addressed whether the petitioner himself in that case exercised reasonable diligence to justify equitable tolling. *See Baldayague*, 338 F.3d at 153 (explaining that, notwithstanding the presence of extraordinary circumstances, a petitioner must show reasonable diligence and remanding to district court to determine if petitioner exercised such diligence). Thus, even assuming, *arguendo*, that Hill's counsel's misconduct was outrageous, under *Baldayague*, the case is of no help to Hill because I find here that Hill himself failed to exercise due diligence.

[4]Hill's argument that he *did* seek out the status of his case with the clerk of courts does not exonerate his lack of diligence. According to his own memorandum, Hill contacted the clerk somewhere between the denial of his motion for appointment of counsel, on May 3, 1996, and the denial of his second motion for new trial on October 24, 1996. Thus, there is nothing in the record showing that Hill did *anything* to learn about the status of this motion between, at the latest, October 25, 1996 and October 1999.

6

For the foregoing reasons, the motion of the respondent to dismiss the motion of the respondent to dismiss the petition therefore is granted and the petition is dismissed.[5] The clerk shall enter judgment for the respondent. In addition, the court will not issue a certificate of appealability, because the petitioner has failed to make a substantial showing of a denial of a constitutional right. *See Miller-El v. Cocknell,* 537 U.S. 323, 327 (2003).

SO ORDERED.

        /s/ REGINALD C. LINDSAY
        United States District Judge

DATED: June 16, 2005

---

[5] Given my ruling that the petition is time-barred, I need not decide the other grounds for dismissal by the respondent.