UNITED STATES COURT OF APPEALS
FIRST CIRCUIT

Gerald M. Hill

2005 JUL 18 P 2:31

v.

2004-10766-RCL

Edward Ficco

MEMORANDUM IN SUPPORT OF PETITIONER'S
MOTION FOR CERTIFICATE OF APPEALABILITY

FACTS

Petitioner was charged in Boston Juvenile Court on February 12, 1978, with murder and assault with intent to rob while being armed.

On March of 1978, the Juvenile Court Judge Poitrast, illegally transferred petitioner's case to Suffolk Superior Court to stand trial as an adult.

On May 4, 1978 petitioner was indicted for the offense listed above and arraigned on May 10, 1978 in the Suffolk Superior Court.

Trial started on October 3, 1978 and petitioner was convicted on October 17, 1978 and received a second degree life sentence and seven to ten years to run concurent.

On June 19, 1984 petitioner filed a motion for a new trial and appointment of counsel. On April 26, 1985, the petitioner's motion for a new trial was denied.

1

On May 9, 1985, petitioner filed his notice of appeal. On January 24, 1986, the Massachusetts Appeals Court affirmed the Superior Court denial for a motion for a new trial.

In 1991 petitioner filed a petition for writ of habeas corpus, number 1991-12721-WD and due to unexhausted claims the petition was dismissed without prejudice on March 17, 1992.

In April of 1992, petitioner retained counsel, Rosemary Scapicchio to file a post conviction appeal in state court, to exhaust the unexhausted claims. On May 26, 1995, (three years later) attorney Scapicchio finally filed the motion for a new trial (rule 30).

On April 17, 1996, petitioner filed a motion for appointment of counsel. And on May 3, 1996 the motion for appointment of counsel was denied.

On October 24, 1996, Superior Court Judge Spurlock denied petitioner's motion for a new trial. In 1999, petitioner obtained new counsel, James E. Small, Jr.. And through new counsel petitioner learned for the first time that on October 24, 1996, the motion for a new trial was denied.

On October 1, 1999, Attorney Small, filed a third post conviction appeal and motion for reconsideration for the denial of petitioner's second post conviction of October 24, 1996. Stating that petitioner was unaware

of the ruling. Attorney Small accompanied these motions with affadavits. On October 14, 1999, Superior Court Judge Spurlock denied all motions for a new trial and reconsiderations. On November 10, 1999, Attorney Small, filed a notice of appeal. On January 25, 2001, the Massachusetts Appeals Court denied the petitioner's second and third post conviction appeals.

On June 21, 2001, petitioner filed a pro se, fourth post conviction, motion for release from unlawful restraint. On December 11, 2001, petitioner's motion was denied by Suffolk Superior Court Judge Spurlock. On July 30, 2003, the Massachusetts Appeals Court affirmed the denial of petitioner's motion for release from unlawful restraint. Petitioner filed a petition for a rehearing with the Appeals Court due to the erroneous ruling and on October 29, 2003, the petition was denied. Petitioner filed application for further appellate review in the Supreme Judicial Court and on March 31, 2004, the application was denied. Petitioner filed a writ of habeas corpus on April of 2004, and on June 16, 2005, Federal District Court Judge Lindsay denied petitioner's petition and refused to grant a certificate of appealability.

STANDARD

Under 28 USC § 2253 (c)(2) the petitioner is required to make a "substantial showing of the denial of a constitutional right" before a certificate of appealability (COA) can be granted. Mateo v. U.S., 310 F.3d 39, 40 (1st Cir. 2002). However, the statute permits a COA to be granted where a supposed antecedent procedural bar prevented the District Court from reaching the constitutional claim if (1) the soundness of the procedural ruling is debatable, and (2) the constitutional claim is also colorable. Mateo v. U.S., Id. citing Slack v. McDaniel, 529 U.S. 484-85 (2000).

In this instant case, although the District Court ruled that the petitioner did not make a "substantial showing of the denial of a constitutional right", it is clear from the court's ruling that the court never considered the petitioner's constitutional claims on their merits.

Instead the court denied the petitioner's petition as a procedural matter ruling that petitioner was not entitled to equitable tolling and thus time barred from raising his constitutional claims.

Because, the soundness of the procedural ruling is debatable and the constitutional claims raised in petitioner's petition are colorable as argued infra, petitioner should be granted a COA on all issues raised in the petition.

I. THE SOUNDNESS OF THE PROCEDURAL RULING IS DEBATABLE

District Court Judge Lindsay, ruled that petitioner failed to exhaust reasonable diligence in pursuing review of his second motion for a new trial and denied petitioner's petition for time barred.

Petitioner retained counsel Rosemary Scapicchio in April of 1992 to file a post conviction appeal that dealt with claims that the United States District Court dismissed without prejudice on March 17, 1992. Petitioner constantly argued with Attorney Scapicchio to file the post conviction appeal and finally after three years of doing very little, counsel filed petitioner's second post conviction appeal on May 26, 1995. Ultimately, petitioner and attorney Scapiccio could no longer coexist due to counsel's egregious misconduct and petitioner filed a complaint with the Massachusetts Board of Bar Overseers.

Petitioner filed a motion in Superior Court for appointment of new counsel and on May 3, 1996, the motion was denied. After receiving the denial of appointment for counsel. The petitioner notified the Superior Court Clerk to find out how the motion will be dealt with now that petitioner was a pro se litigant, without representation. The Clerk stated that when a ruling is determined I would be notified of the decision via regular mail.

On October 24, 1996, Judge Spurlock made his ruling

denying petitioner's motion for a new trial and the Clerk of Courts mailed the Memorandum of that decision to Suffolk County D.A., Ralph Martin and Attorney Rosemary Scapiccio. Who was no longer petitioner's attorney.

Hence, if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began. The link of causation between the the extraordinary circumstances and the failure to file is broken, and the extra ordinary circumstances therefore, did not prevent timely filing. See, Baldayaque v. U.S., 338 F.3d 145, 150 (2003).

In the instant case, once petitioner became aware of the October 24, 1996 ruling denying the motion for a new trial. In September of 1999, petitioner immediately filed a motion of reconsideration, an affadavit (stating that petitioner never recieved the memorandum of decision) and a third motion for a new trial.

The petitioner was not aware of the ruling nor the law that it's the petitioner who has to continuosly notify the court for status on a pending matter.

The court was aware that the petitioner was a pro se litigant without attorney representation. The memorandum of decision should have been mailed to the petitioner instead of former Attorney Scapiccio, so that the petitioner could have filed a timely appeal.

Because Attorney Scapicchio nor the Clerk of Courts notified the petitioner of the OCtober 24, 1996 ruling. The procedural default is to be imputed to the state. See Murray v. Carrier, 106 S.Ct. 2639, 2645 (1986). The petitioner should had been allowed equitable tolling under extraordinary circumstances. U.S. v. Marcello, 212 F.3d 1005, 1010 (7th Cir.).

District Court Judge Lindsay ruled that in Baldayaque the second circuit never addressed whether the petitioner himself in that case exercised reasonable diligence to justify equitable tolling.

In this instant case, the petitioner seeks the same relief as in Baldayaque for the egregious misconduct of the attorney who represented the petitioner and whos misconduct was so egregious that the petitioner was impeaded from filing a timely appeal to avoid procedural default. See Baldayaque id. and Spitsyn-v Moore, 345 F.3d 796, 798-801, (2003).

Lastly, the petitioner requested that despite any procedural bar claim, if the court doesn't consider the federal constitutional claims in the petitioner's petition a fundamental miscarriage of justice will result. See Murray v. Carrier, id and Burks v. DuBois, 55 F.3d 712, 716 (1st Cir. 1995).

Petitioner clearly made a "substantial showing of a denial of a constitutional right in the petition due

to violation of sixth amendment right to effective counsel, fourteenth amendment due ⬤ process violations, jurisdictional violations and fifth amendment violation against self incrimination, deemed miscarriage of justice.

Petitioner clearly and sufficiently demonstrated the "cause and prejudice" exception. See <u>Wainwright v. Sykes</u>, 97 S.ct. 2497 (1977).

The soundness of the procedural ruling is debatable and if the motion for COA is denied a fundamental miscarriage of justice will occur. <u>Murray v Carrier</u>, id.

II. PETITIONER'S CONSTITUTIONAL CLAIMS ARE COLORABLE

[A and B] PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL VIOLATING PETITIONER'S SIXTH AMENDMENT RIGHT IS REVIEWABLE.

According to <u>Massaro v. United States</u>, 123 S.ct. 1690 (2003). The Supreme Court ruled "that a failure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought in later appropriate proceedings." Id. at 1696.

"A claim raising trial counsel ineffectiveness will no longer be considered waived because new counsel on direct appeal did not raise a claim related to prior counsel's ineffectiveness. <u>Com v. Grant</u>, 813 A.2d 726, 738 (2002), cited in <u>Massaro</u>, Id 1695.

Juvenile court Attorney John Pino for the petitioner demonstrated serious incompetence, inefficiency and behavior falling measureably below that which might be expected from an ordinary fallible lawyer. <u>Com v. Saferian</u>,

8

366 Mass 89, 96 (1974) and <u>Strickland v. Washington</u>, 104 S.ct. 2052 (1984).

On February 13, 1978, Juvenile Court Judge Poitrast, ordered court psychiatric evaluations for the petitioner and four different psychiatrist examined the petitioner and at the begining of these evaluations, neither of the psychiatrists gave the petitioner the required lamb warning. The petitioner did not receive the required Lamb warning. Nor did the face of these examination reports specify administering the Lamb warning to the petitioner. In <u>Com. v. Lamb</u>, 365 Mass. 265, the Mass. Supreme Judicial Court ruled that prior to any communications the psychiatrist must warn patient (petitioner) that communications would not be privileged. All court ordered examinations are placed under the ambit of M.G.L. c. 233 § 20 B, self incrimination privilege.

Petitioner produced to Mass. Appeals Court and the U.S. District Court, copies of the psychiatric evaluation reports along with Juvenile Court Judge Poitrast written findings determining transfer of Juvenile Court jurisdiction to Suffolk Superior Court. Judge Poitrast used information pertaining to petitioners's psychological and psychiatric history and information from petitioner's family history to justify transfer of jurisdiction. Violating petitioner's fifth amendment right against self incrimination federal and state constitutions and

9

statutory right.

Petitioner never had any prior experience with the judicial system, Probation, D.S.S. or any other psychiatric evaluations for the petitioners family history and petitioner's psychological and psychiatric history to be provided to Juvenile Court Judge Poitrast. Other than the compelled psychiatric evaluations that Judge Poitrast ordered on Feb. 13th 1978, in violation of clearly established federal law determined by the Supreme Court of the United States. See In re Gault, 87 S.ct. 1866, 1872-73 (1981). Powell v. Texas, 109 S.ct. 3146, 3147-48. (1989) and Satterwhite v. Texas, 108 S.ct. 1792 (1988). Mass Supreme Judicial Court also deemed this issue a miscarriage of justice. See Dept. of Youth Serv. v. A Juvenile, 398 Mass. 516, 524, 525 (1986) and In the Matter of Laura L., 54 Mass.App.Ct. 853. 854, 858 (2002).

In proceedings to transfer Juvenile charged with murder in the first or second degree, privileges against self-incrimination, protected by federal and state constitutions, foreclose compelled psychiatric examination where juvenile does not seek to introduce his own psychiatric evidence in part "B" portion of transfer hearing. U.S.C.A. Const. Amend. 5; M.G.L.A. Const. Pt. 1, Art. 12. See Com. v. Wayne W., 414 Mass 218, 227-228 (1983). Also Estelle v. Smith, 101 S.ct. 1866, 1872-73 (1981).

Part B hearings are fully adversary, The Commonwealth

10

seeks transfer; The juvenile seeks to remain in Juvenile Justice System. In a murder case, the outcome of the procedings will, in the event of a conviction, usually mean the difference between a limited period of confinement in a treatment setting and a lengthy term of imprisonment. In such a context a psychiatrist role can not be described as "neutral", Where he testifies in support of the Commonwealth's goal of transfer. Com -v. wAyNE Sup.ct

In the instant case petitioner's Attorney John Pino did not ATTEMPt nor introduce any psychiatric evidence in support of petitioner at Part B transfer hearing. Therefore, Juvenile Court Judge Poitrast violated petitioner's right to due process and fifth amendment right against self incrimnation for using information from compelled psychiatric examinations ordered by the judge, to transfer jurisdiction. See <u>Estelle v. Smith</u>, 101 S.ct. 1866 (1981) and <u>Wayne W. v. Com</u>. Supra. 414 Mass. 218. <u>In re Gault</u>, 87 S.ct. 1428, 1454-55 (1967), <u>Powell v. Texas</u>, 109 S.ct. 3146, 3147-48 (1989) and <u>Satterwhite v. Texas</u>, 108 S.ct. 1792 (1988).

<u>In the matter of Laura L.</u>, 54 Mass.App.Ct. 853, 854, 855 (2002) The Mass. Appeals Court ruled that the Juvenile Court Judge's failure to make any inquiry or findings on the Lamb issue was error, amounting to a substantial risk of a miscarriage of justice and vacated the order of commitment. The Mass. Appeals Court made

this ruling despite the fact that Dr. Gary Dube did administer the required Lamb warning to the defendant. Id. 855.

Petitioner's claim of 5th Amend. violation against self-incrimination are exact as Laura L.  And Mass. Appeals Court's ruling are contrary to precedent in Mass. Supreme Judicial Court rulings along with clearly established federal law determined by the Supreme Court of the U.S.

In Com. v. Harrington, 379 Mass. 446, 450 )1980). The Mass. S.J.C. ruled "to the end that an alleged error of constitutional dimension, if we so concluded it to be, shall not go uncorrected." Id. at 500.

Petitioner raised a constitutional dimension, 5th Amend. right against self-incrimination that the Mass. Supreme Judicial Court concluded to be a miscarriage of justice.  In Dept. of Youth Serv. v. A Juvenile, 398 Mass. 516, 524-525 (1986) and In the matter of Laura L. Supra at 854-855, and the Mass. Appeals Court denied the claim on a erroneous waiver case.  The Mass S.J.C. denied further appellate review and the U.S. District Court didn't consider the claim and denied the petition on procedural time bar.  Both Mass. Appeals Court and U.S. District Court are making erroneous rulings to deprive the petitioner of having the merits of his constitutional claims heard, which in fact all rulings from both courts have been contrary to already established law on state and federal jurisdictions.

Juvenile Court Judges 14th Amend, Due process violation of defective findings and applying an erroneous standard to transfer juvenile jurisdiction plus 5th Amen. violation right against self-incrimination, Kent v. U.S., 86 S.ct. 1045 (1966) necessitates a ruling that that hearing was invalid. If the hearing was invalid, the superior court lacked the jurisdiction to entertain petitioners plea of guilty. See Harris v. Procunier, 498 F.2d 576, 578 (1974), AND KENT V. U.S 86. S.CT 1045 (1966)

The petitioner has made a "substantial showing of the denial of a constitutional right" and if this First Circuit Court of Appeals denies this motion for a COA the petitioner will be denied fair procedure. See Hill v.U.S. 368 U.S. 424, 428, 82 S.ct. 408 (1962) and the denial will result in a "fundamental miscarriage of justice." See Murray v. Carrier, 477 U.S. 478, 485 (1986); Burks v. DuBois, 55 F.3d 712, 716 (1st Cir. 1995).

Juvenile court Judge Poitrast also violated petitioners due process rights, 14 th Amend, by applying an erroneous standard thus creating defective findings in violation of M.G.L.A. c. 119 §61. See Com. v. O'Brien, 673 NE2d 552, 557-58, (1986); and A Juvenile v. Com., 405 NE2d 143, 147-48 (1980).

In Com. v. O'Brien, Supra, The Commonwealth appealed a Juvenile Court Judge's ruling that defendant O'Brien could be "treated within the Juvenile Justice System

13

and consequently should not be transfered to Superior Court for trial as an adult. Mass. S.J.C. ruled that the ruling from the Juvenile Court Judge applied an erroneous standard in making his trasfer decision; statue M.G.L.A. c. 119 § 61 required a judge to decide whether juvenile was amenable to "rehabilitation" and "treatment" was not the same as rehabilitation.

Serious deficiency in the subsidiary findings by the judge shall count as a faulty step in the process of jurisdiction transfer. A Juvenile v. Com., 405 NE2d 143, 147-148 (1980).

In this instant case, petitioner argued the same exact due process violation due to Juvenile Court Judge Poitrast applying the same erroneous standard of considering "treatment" oppose to the statue mandating (M.G.L.A. c. 119 § 61) the judge to decide on rehabilitation and the Mass. S.J.C. denied the claim and the U.S. District Court wouldn't consider the claim. Mass. S.J.C. ruled that by petitioner pleading guilty to murder after a full trial but prior to a verdict, the defendant waived any claims based on events that preceded the plea. Com. v. Fanelli, 412 Mass. 487, 500 (1992). That ruling is misplaced and erroneous. Because the Fanelli court decided that "non-jurisdictional defects in the proceedings prior to the entry of the guilty plea" are waived. Id at 500.

The constitutional claims of 14th Amend. due process violation of juvenile jurisdiction transfer and fifth Amed. against self incrimination violation and sixth Amend. ineffective assistance of counsel, that petitioner filed in state and federal court are not "non-jurisdictional" defects but in fact are "jurisdictional" in nature. See Kent v. U.S., 86 S.ct. 1045 (1966) (Order of Juvenile Court of the District of Columbia waiving it's jurisdiction and transferring petitioner for trial in the U.S. District Court was reviewable on a motion to dismiss the indictment in the District Court.) See Powell v. Hocker, 453 F.2d 652, 656 (1971). (The jurisdiction of an adult criminal court to try a juvenile as an adult is predicated on the proper certification of the juvenile by the Juvenile Court.) See Com v. Clark, 379 Mass. 623 626 (1980). (Because the defendant's due process claims attack the validity of the dismissal of the juvenile complaint, they are jurisdictional in nature. Consequently, his guilty plea does not preclude our considerations of those alleged errors. cases cited).

"Before dealing with the primary thrusts of the defendant's aapeal, we must consider the Commonwealths threshold contention that, by entering a plea of guilty in the Superior Court the defendant waived his right to raise double jeopardy and due process issues on appeal." We disagree. Com. v. Clark Id. at 625-626.

In Menna v. New York, 423 U.S. 61, 62-63, n.2, 96 S.ct. 241, 242 (1975). "A guilty plea will not preclude a court from hearing a constitutional claim that the state should not have tried the defendant at all."

15

Clearly established federal law determined by the Supreme Court of the U.S.

In Com. v. DeJesus, 440 Mass 147, 148, 150-151 (2002). The Commonwealth appealed to vacate a district judges allowance of a defendant's motion for revise and revoke claiming the judge didn't have the jurisdiction to allow the motion to proceed due to time limits on filing the motion. The Mass. S.J.C. agreed with the Commonwealth, Also ruling that the Single Justice should have considered the merits of it's contentions because it raised a question of jurisdiction. The court also stated that "questions of subject matter jurisdiction may be raised at any time." (cases cited Id. at 151), and are not waived, even when not argued below. Mass. S.J.C. and Mass. Appeals Court seem to decide jurisdictional and due process violations in a double standard for the Commonwealth only. Petitioner raised the same jurisdictional, due process claim violation that the Commonwealth raised in Com. v. O'Brien, 673 NE2d 552 (1980), and the Commonwealth prevailed. But the same Appeals Court ruled that the petitioner waived the claim by plea of guilty with knowledge that a guilty plea will not preclude a court from hearing a constitutional and jurisdictional claim that the state should not have tried the defendant at all. Menna v. New York, 96 S.ct. 241, 242 (1975) and Com. v. Clark, 379 Mass. 626 (1980).

The Commonwealth prevailed in Com. v. DeJesus, 440 Mass. 147 (2003). Appealing a jurisdictional claim with a ruling that jurisdictional claims should be considered on the merits. Questions of subject matter jurisdiction may be raised at any time and are not waived even when not argued below. The petitioner raised jurisdictional and constitutional claims and Mass. Appeals Court ruled that the claims are waived. In Com. v. Clark, 379 Mass. 623, 626 (1980). The Mass. S.J.C. decided that "where dismissal of a juvenile complaint is invalid, the criminal court lacks the jurisdiction to accept a guilty plea." case cited.

In both state Appeals Court and U.S. District Court, the government invoked and the Mass Appeals Court and U.S. District Court accepted the mandate-bar claim. Where as state precedent case's and clearly established federal law determined by the Supreme Court of the U.S. have ruled and set precedent that petitioner's claims to be addressed. In Mateo v. U.S., 310 F.3d 39, 41 (MA 2002). The seventh circuit has adopted the view that, if the petitioners constitutional claim does not appear utterly without merit after a quick look the COA can be granted and an incorrect procedural barrier removed.

A prisoner in custody under sentence of a court established by act of Congress claiming the right to be released upon the ground that the sentence was imposed

<u>in violation of the constitutional or laws of the U.S.,
or that the court was without jurisdiction to impose
such sentence,</u> or that the sentence was in excess of
the maximum authorized by law, or is oterwise subject
to collateral attack, may move the court which imposed
the sentence to vacate, set aside or correct the sentence.
<u>Mateo v. U.S.</u> Id. at 41.

    Petitioner's Attorney John Pino, didin't object
to the use of privilege information from compelled
psychiatric examination to determine transfer of jurisdict-
ion by Juvenile Court Judge of defective findings which
applied an erroneous standard.

    Petitioner's claim of ineffective assistance of
counsel are colorable. Petitioner's case was transferred
to Suffolk Superior Court and Attorney Pino didn't appeal
or challenge the validity of the transfer of jurisdiction,
Which could have easily been met by filing a motion to
dismiss the indictment under M.G.L. c. 277 §47A. Once
the motion to dismiss were filed in the Superior Court,
The judge under obligation would had to address the due
process claims, constitutional claims, statutory claims
and miscarriage of justice claims, To determine if transf-
er was valid and legal and if the judge determined that
the transfer of jurisdiction was invalid, Then the judge
had two options.

    The first option, dismiss the indictment. Second,

remand the case back to Juvenile Court for further proceedings. A. Juvenile v. Com. 405 NE2d 143 (1980).

A competent attorney could most likely have discovered the error shortly after the order was issued, When he received a copy or when he examined the proceedings for regularity before counseling his client to plead guilty or stand trial in Superior Court. Crick v. Smith, 650 F.2d 860, 865-866 (1981).

Attorney Pino should have been AWARE of the Kent v. U.S. 86 S.ct. 1045 (1966), case. Also In re Gault, 87 S.ct. 1428 (1967) case and Com. v. Lamb, 365 Mass. 265 (1974). Because the attorney didn't enforce the ruling of these cases it deems the attorney ineffective, FIRST PRONG MET. Strickland v. Washington, 104 S.ct. 2052 (1984); Crick v. Smith, 650 F.2d 860 at 865 (1981) and Com. v. Saferian 366 MAss. 89, 96 (1974). If Attorney Pino filed a motion to dismiss the indictment for due process violations of jurisdictional transfer to Superior Court, Something material for the petitioner would have been accomplished. The judge would of addressed the due process violations that led to waiver of jurisdiction and would have either dismissed the indictment or remanded the case back to Juvenile Court for further proceedings.

By Attorney Pino not challenging the waiver of jurisdiction by filing a motion to dismiss the indictment, fell way below an objective standard of reasonableness.

Thus meeting the second prong federal test under the sixth and fourteenth amendments to the U.S. Constitution. <u>Strickland and Saferian Id.</u>

Although petitioner place ineffective assistance of counsel claim before state and federal courts correctly according to clearly established federal and state laws, The petitioner's claims of constitutional error, <u>jurisdictional error</u>, <u>miscarriage of justice error</u>, and statutory error can not be waived regardless of the ruling of the claim of ineffective assistance of counsel as demonstrated above in this memorandum.

Petitioner's constitutional claims are colorable and petitioner has made a "substantial showing of the denialof a constitutional right". If this First Circuit of Appeals Court denies this motion for a COA the ruling willresult in a fundamental miscarriage of justice. <u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986); <u>Burks v. DuBois</u>, 55 F.3d 712, 716 (1st Cir 1995).

[C] PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF
COUNSEL ON SUPERIOR COURT ATTORNEY REUBEN DAWKINS,
VIOLATING SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S.
CONSTITUTIONS ARE COLORABLE.

Attorney Reuben Dawkins became petitioner's second attorney in Superior Court after Attorney Pino was dismissed from the case on Sept. 11, 1978 and Dawkins entered on the record as petitioner's counsel on Sept. 11, 1978. Attorney Dawkins became aware of the Dept. of Youth